# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**BURL CAIN**　　　　　　　　　　　　　　　　　　　　**NO. 12-0412-JJB-DLD**

## NOTICE

　　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　　Signed in Baton Rouge, Louisiana, on October 31, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DERRICK SCOTT (#126372)**                              **CIVIL ACTION**

**VERSUS**

**BURL CAIN**                                            **NO. 12-0412-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, complaining that the defendant violated the plaintiff's constitutional rights, commencing on May 19, 2012, by curtailing yard privileges to the plaintiff because of two fights that had occurred on the recreation yard of the plaintiff's housing unit the previous day, notwithstanding that the plaintiff was not involved in either of the referenced fights.

In his Complaint, the plaintiff acknowledged that he failed to commence an administrative grievance at LSP relative to the claim asserted herein. Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." Johnson v. Johnson, supra.

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), when it is apparent from the face of the Complaint that the plaintiff has failed to exhaust prison grievance procedures, a dismissal sua sponte is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted. See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D. D.C. 2007).

In the instant case, the plaintiff admits in his Complaint that he failed to exhaust administrative remedies prior to the filing of the instant Complaint. As an excuse for such failure, he asserts that no administrative procedures were available to him because he was not charged with a disciplinary violation or given a disciplinary sentence from which to pursue a disciplinary appeal under the applicable administrative rules. Specifically, he asserts that the actions of prison officials in denying him yard privileges amounted to the functional equivalent of a disciplinary sentence and that, under the applicable procedural rules, the only avenue for administrative exhaustion of a disciplinary sentence was to lodge a disciplinary appeal from the sentence imposed. He asserts, however, that inasmuch as no disciplinary report was charged against him and no actual disciplinary sentence was imposed, he had no mechanism to appeal the resulting deprivation. He contends, therefore, that he has effectively satisfied the exhaustion requirement and/or that his claim should be deemed to have been exhausted through the administrative process.

The plaintiff's assertions do not support either a finding that he has exhausted administrative remedies or that such remedies have been rendered "unavailable" by the actions of prison officials. Nor do the plaintiff's assertions support a conclusion that he should be deemed to have exhausted his administrative remedies. Specifically, the Louisiana administrative procedure involves a two-

step process, pursuant to which:

> [A]n inmate may seek formal review of a complaint which relates to any aspect of his incarceration .... Such complaints and grievances include, but are not limited to any and all claims seeking monetary, injunctive, declaratory or any other form of relief authorized by law and by way of illustration, includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, ... or challenges to rules, regulations, policies or statutes.

22 La. ADC, Part I, § 325(E)(1). An inmate is instructed to commence the process by filing a written complaint with the phrase, "this is a request for administrative remedy," and such complaint may be with regard to "a policy applicable within an institution, a condition within an institution, an action involving an offender of an institution, or an incident occurring within an institution." 22 La. ADC, Part I, § 325(G)(1). Prison officials are required to formally respond to an inmate's written grievance within specified time limits, and an inmate who is unsatisfied with such response may appeal to the Second Step of the administrative process with the Secretary of the Louisiana Department of Public Safety and Corrections. 22 La. ADC, Part I, § 325(J)(2). The Secretary is then granted a period of time within which to provide a Second Step response to the inmate. 22 La. ADC, Part I, § 325(J)(2). The rules further provide that, in the event that a timely response is not provided to an inmate at any stage of the procedure, the inmate is authorized to unilaterally proceed to the next step in the administrative process. 22 La. ADC, Part I, § 325(J)(4). The rules also explicitly provide that any inmate who has questions about the use of the process "may request information about or assistance in using the procedure from their classification officer or from counsel substitute who service their living area." 22 La. ADC, Part I, § 325(D)(3). A grievance may not be rejected unless it is for one of the reasons stated in the administrative rules, and the only such reason that is potentially applicable to the plaintiff's claim is that "there are specialized administrative remedy procedures in place for [the inmate's] specific type of complaint, such as: disciplinary matters." 22 La. ADC, Part I, § 325(I)((b)(I).

Addressing first the plaintiff's argument that administrative remedies were not available to him because his claim was relative to a "disciplinary matter", to which the regular administrative

procedures did not apply, the Court is not persuaded by this contention. As stated above, the only allowable reason for rejecting the plaintiff's administrative grievance would have been the applicability of specialized administrative remedy procedures, in this case the specialized disciplinary appeal procedures. A review of the written procedures relative to disciplinary matters, however, reflects that such procedures apply, by their express terms, only to inmates who want to appeal a case "heard by the disciplinary board".[2] Inasmuch as the plaintiff acknowledges that he never appeared before a disciplinary board in connection with the events alleged in the Complaint, and was never issued a disciplinary charge or punishment, it is clear that the disciplinary appeal procedures were not applicable to his claim and that he therefore should have instead filed a regular administrative grievance. His failure to complete that process in accordance with applicable procedural rules and, moreover, his apparent failure to seek assistance in doing so as allowed by and encouraged by those rules supports a finding that the plaintiff has failed to exhaust administrative remedies that were available to him in this case.

Further, in the alternative, had the plaintiff in fact filed an administrative grievance relative to the claim asserted herein and had prison officials failed to timely respond thereto (as the plaintiff seems to ambiguously suggest at page 3 of his Complaint[3]), he could then have unilaterally proceeded to the second and final step of the process, thereby exhausting administrative remedies. It does not appear, however, that he made any attempt to do so. As a result, he did not provide prison officials with an opportunity at the Second Step to address his claims and contentions. Moreover, inasmuch as the events giving rise to the plaintiff's claim commenced on May 19, 2012

---

[2] A District Court may take judicial notice of the record in prior related proceedings. Missionary Baptist Foundation of America, Inc. v. Wilson, 712 F.2d 206 (5th Cir. 1983). The Court hereby takes judicial notice of the prisoner disciplinary process approved by this Court in Hayes Williams v. John McKeithen, et al., Civil Action No. 71-CV-0098-FJP (M.D. La.), affirmed, 547 F.2d 1206 (5th Cir. 1977), and amended from time to time thereafter.

[3] In filling out the Court's Complaint form, the plaintiff checked a box indicating that he had presented his claim through the prison's grievance procedure and that "the prison never respond[ed] to the grievance."

(when his recreation privileges were allegedly curtailed), and inasmuch as he filed the instant lawsuit on or about July 9, 2012, only 50 days later, it does not appear that he allowed sufficient time for prison officials to complete a review of his grievance in any event.  The prison grievance procedure allows prison officials up to 40 days to respond to a grievance at the First Step, 22 La. ADC, Part I, § 325(J)(1), followed by a 5-day period for the inmate to proceed to the Second Step, followed by a 45-day period for prison administrators to respond at the Second Step, 22 La. ADC, Part I, § 325(J)(2).  This results in a 90-day completion period for administrative review, absent a requested extension, 22 La. ADC, Part I, § 325(J)(4).  By filing his lawsuit only 50 days after the occurrence of the events complained of, the plaintiff did not allow sufficient time for prison officials to address his claim.

Because the affirmative defense of failure to exhaust administrative remedies appears clear on the face of the plaintiff's Complaint, the Complaint is subject to dismissal, <u>sua sponte</u>, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to his refiling the same claim or claims in forma pauperis.[4]

Signed in Baton Rouge, Louisiana, on October 31, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[4] See <u>Underwood v. Wilson</u>, 151 F.3d 292 (5th Cir. 1998).